### SLATON et al. v. DAVIS.

No. 16695—Opinion Filed May 25, 1926.

**1. Sales—Delivery as Decisive of Rights of Rival Purchasers.**

Delivery of possession is necessary in a conveyance of personal chattels, as against every one but the vendor, and when the same goods are sold to two different persons by conveyances equally valid, he who first lawfully acquires the possession will hold it against the other.

**2. Same—Payment of Price not Decisive.**

While it is well settled that, as between the parties a delivery is not essential to a transfer of title, the general rule is that as against creditors of or subsequent purchasers from the seller, there must be a delivery of the goods, and it does not affect this rule that the price has been paid, or notes given therefor.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; Charles C. Smith, Assigned Judge.

Action in replevin by W. R. Slaton and Loy L. Slaton against R. M. Davis. Judgment for defendant, and plaintiffs appeal. Affirmed.

Geo. C. Beidleman, for plaintiffs in error.

M. A. Davis, for defendant in error.

Opinion by MAXEY, C. Plaintiffs brought replevin to recover one certain bake oven from the defendant. It appears from the pleadings and the evidence, that the Bennett Oven Company of Battle Creek, Mich., sold the oven to the Betty Ann Bakery of Okmulgee, and that the Betty Ann Bakery defaulted in payment to the Bennett Oven Company, and the company entered into an oral con-

tract to sell said bake oven to the defendant, R. M. Davis; and on the 9th day of August, 1924, a Mr. Strate, a representative of the Bennett Oven Company, entered into a contract to sell said oven to Slaton Brothers, whereby they were to pay $100 cash, and $25 a month until the purchase price of $725 was paid. Slaton Brothers paid the $100 cash, and gave their note for the deferred payments, and on the same day, the same agent of the Bennett Oven Company contracted to sell said oven to the defendant, R. M. Davis, in which contract Davis agreed to pay $200 cash and $50 a month, until the balance was paid. This, as Davis contends, was simply carrying out their oral agreement that they had made sometime before. Davis took possession of the oven at the time he entered into the oral contract and was in possession of it at the time the Bennett Oven Company contracted to sell to Slaton Brothers, and had possession of it at the time he, Davis, bought it. Under the terms of the contract with Slaton Brothers, the sale had to be approved by the Bennett Oven Company before it became effective: and about the 14th day of August, Strate, the agent of the Bennett Oven Company, notified Slaton Brothers, that he had received a telegram from the Bennett Oven Company saying his contract had been approved. On the 16th day of August, Slaton Brothers, and a fellow by the name of Funk, who was going to haul the oven from Davis' place to Slaton Brothers, went to Davis' place to get the oven, and Davis refused to let them have it, saying that he had bought the oven and paid $200 cash on it, and given his notes, $50 a month until the balance was paid, so Slaton Brothers never got possession of it; and on August 16, 1924, Mr. G. R. Horner, attorney for the Bennett Oven Company, addressed the following letter to Slaton Brothers:

"August 16. 1924.

"Slaton Bros. Bakery, Okmulgee, Okla. Gentlemen: Before Mr. Strate left town yesterday evening he advised me to write you stating that his company could not make delivery of the oven covered by your order of August 9th, and left with me your check and 14 notes, with instructions to return the same to you. Mr. Strate regretted very much that conditions arose which prevented his company from fulfilling the order. In returning your check and the notes to you, I am only acting as his attorney and under his advice. Very truly yours."

Slaton Brothers afterwards brought a replevin suit to recover the oven from the defendant, Davis. There was an attempt on the part of the plaintiff to show that Davis had notice of the sale to Slaton Brothers

before he bought it, but in this particular they failed, as Davis' testimony was the only testimony offered on the question of the notice, and he flatly denied any knowledge of the sale to Slaton Brothers.

At the conclusion of the trial of the case, the court entered judgment for the defendant, and it is from this judgment that plaintiffs have appealed.

Plaintiffs in their brief cite a number of authorities on the question of one who purchases with notes, but the trouble with these authorities is that none of them apply to real estate. In this case, there is no proof that Davis had any notice of the sale to Slaton Brothers, so that the authorities are not applicable to the facts in this case.

Counsel for defendant in error cites a number of authorities in support of the general rule, citing from the case of Lanfear v. Sumner, 17 Mass. 110, from the Supreme Court of Massachusetts, where the court announced the following rule:

"The general rule is perfectly well established, that the delivery of possession is necessary in a conveyance of personal chattels, as against every one but the vendor. When the same goods are sold to two different persons, by conveyances equally valid, he who first lawfully acquires the possession will hold them against the other. This principle is recognized in the case of Lamb et al. v. Durant, 12 Mass. Rep. 54, and in Caldwell et al. v. Ball, I. D. & E. 205. The latter indeed was a case, not of actual delivery of goods to either party, but of delivery of the bill of lading. There were two bills of lading, signed at different times by the master of the ship; and the party who first obtained one of them by a legal title from the owner of the goods, was held to have the best right, although the bill of lading, under which he claimed, was made the last. The indorsement and delivery of the bill of lading, in such a case, is equivalent to the actual delivery of the goods."

The following rule is laid down in 35 Cyc. 104:

"As to Third Persons: While it is well settled that as between the parties a delivery is not essential to a transfer of title, the general rule is that as against creditors of or subsequent purchasers from the seller, there must be a delivery of the goods, and it does not affect this rule that the price has been paid, or notes given therefor." 24 R. C. L. 49, 50.

It is clear from the foregoing authorities, that Slaton Brothers never acquired title and right of possession to the oven in question, as against the title and actual possession and the purchase of defendant, Davis, as they at no time had possession of the oven,

while Davis had possession of it at the time he bought it, and retained possession. There is some discussion in the brief about good faith. If there is any one guilty of bad faith in the transaction, it was the Bennett Oven Company, and plaintiff's remedy is found in section 5984, Comp. St. 1921, which reads as follows:

"The detriment caused by the breach of a seller's agreement to deliver personal property, the price of which has not been fully paid in advance, is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been fulfilled."

It is clear that Slaton Brothers' remedy is against the Bennett Oven Company, if they have a cause of action, and not against Davis. The judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.